# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TACHANY C. EVANS**                                                                     **PLAINTIFF**

**v.**                          **Case No. 4:23-cv-00595-LPR**

**UNITED STATES POSTAL SERVICE**
**Louis DeJoy, Postmaster General**                                        **DEFENDANT**

## ORDER

This Order GRANTS Defendant's Motion to Dismiss.[1] Plaintiff concedes that Title VII is the exclusive remedy for federal employees to pursue employment discrimination claims.[2] Although that is true for the race discrimination claims in this case, it is not exactly true for any age/disability claims made. Nonetheless, the federal statutes that provide for those claims are subject to the same administrative exhaustion and statute of limitations requirements that race discrimination claims are.[3] Without belaboring the point, all Plaintiff's claims in this case must have been exhausted through the EEOC process and then filed within 90 days of a final EEOC decision (unless equitable tolling applies).[4] The instant case was filed on June 26, 2023.[5] The

---

[1] Mot. to Dismiss (Doc. 5).

[2] *See* Resp. to Mot. to Dismiss (Doc. 7) at 1.

[3] *See Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) ("To assert an [Americans with Disabilities Act] or [Age Discrimination in Employment Act] claim, [the plaintiff] must have first exhausted his [or her] administrative remedies by filing a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred."); *Morgan v. U.S. Postal Serv.*, 798 F.2d 1162, 1165 (8th Cir. 1986) (requiring the claimant to exhaust administrative remedies before bringing a Rehabilitation Act claim); *Gardner v. Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985) (noting that the Rehabilitation Act requires that claimant to exhaust Title VII's administrative remedies before filing a discrimination claim in court); *see also* 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d)–(e); 29 U.S.C. § 794a; 42 U.S.C. § 2000e-16(c).

[4] *See* 42 U.S.C. § 2000e-5, §2000e-16(c); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d)–(e); 29 U.S.C. § 794a.

[5] *See* Compl. (Doc. 2).

EEOC issued its decision and right to sue letter on April 28, 2021.[6]  And it denied reconsideration on August 3, 2021.[7]  Obviously, June 26, 2023, is more than 90 days after April (or August) 2021.

Plaintiff notes that a prior version of this case was filed within the 90-day limitations period.[8]  That case was dismissed by the Court for failure to prosecute on June 9, 2022.[9]  And, on September 23, 2022, the Court denied a motion to reopen the case.[10]  That case does not save Plaintiff under equitable tolling principles, primarily because she did not file the new case until approximately nine months after the denial of the motion to reopen.  Plaintiff's lack of diligence makes equitable tolling a nonstarter here.[11]  And Plaintiff's reliance on the "Arkansas Savings Statute" is misplaced for the reason set out on page 3 of Defendant's Reply Brief.[12]

Lastly, Plaintiff's request for leave to amend is held in abeyance.  If Plaintiff believes she can amend her Complaint to state viable claims, she may file a motion for leave to amend within 14 days of the date of this Order.  That motion must comply with all relevant federal and local rules.  If it does not, the Court will deny it.  If it does, the Court will examine the proposed amendment to determine whether it is futile given the foregoing ruling.  The Court will not issue a final judgment until either the 14 days pass without a motion for leave being filed or the Court concludes that the proposed amendment is futile.

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss.

---

[6] *See id.* at 13–19.

[7] *See id.* at 20–23.

[8] *See* Br. in Supp. of Resp. to Mot. to Dismiss (Doc. 8) at 6; *see also Evans v. U.S. Postal Serv.*, No. 4:21-cv-00671-LPR (E.D. Ark. July 27, 2021), ECF No. 1.

[9] *See Evans v. U.S. Postal Serv.*, No. 4:21-cv-00671-LPR (E.D. Ark. June 9, 2022), ECF No. 6.

[10] *See Evans v. U.S. Postal Serv.*, No. 4:21-cv-00671-LPR (E.D. Ark. Sept. 23, 2022), ECF No. 9.

[11] *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way.").

[12] *See* Reply in Supp. of Mot. to Dismiss (Doc. 9) at 3.

IT IS SO ORDERED this 10th day of July 2024.

                                                               _____
                                                                LEE P. RUDOFSKY
                                                                UNITED STATES DISTRICT JUDGE